[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This complaint dated April 10, 1992 came to this court on April 13, 1992 when the court (Moraghan, J.) granted an application for an ex parte temporary injunction. The application for a temporary injunction was tried to the court on May 28, 1992 and July 1, 1992.
Having heard the witnesses and considered all of the exhibits and trial briefs, the court finds that it cannot grant the relief sought by the plaintiff, Evan Stern.
"The issuance of an injunction lies in the sound CT Page 7544 discretion of the trial court exercised according to recognized principles of equity." Schomer v. Shilepsky, 169 Conn. 186,194 (1975).
"[T]he justiciable interest which entitles one to seek redress in an action for injunctive relief is at least one founded on the imminence of substantial and irreparable injury." Karls v. Alexandra Realty Corporation, 179 Conn. 390,401 (1980). "It is not enough to show that the defendant has violated the zoning regulations. The plaintiff seeking injunctive relief bears the burden of proving facts which will establish irreparable harm as a result of that violation." Id.
The plaintiff, Evan Stern, who did not appear at either hearing, has not sustained its burden of proof necessary for the issuance of a temporary injunction. None of the evidence presented to the court on behalf of the plaintiff was sufficient to allow the court to conclude that the plaintiff would suffer imminent and irreparable harm as a result of the alleged zoning violation and/or the alleged trespass and construction by the defendants. The plaintiff would ask that this court permanently restrict the use of the defendants' property so that it cannot be used for any reasonable purpose at all. Such a request would be tantamount to a confiscation or actual taking of the defendants' land should the court grant the extraordinary remedy of a temporary injunction prior to a full determination of the defendants' claim of right to use the Great Meadow B right of way.
Accordingly, the temporary restraining order issued or April 13, 1992 is dissolved and the application for a temporary injunction is denied.
Rodriguez, J.